**VIRGINIA & AMBINDER, LLP**
By: Charles R. Virginia, Esq.
Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE B.A.C. LOCAL 4 NEW JERSEY PENSION FUND, TRUSTEES OF THE B.A.C. LOCAL 5 NEW JERSEY PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>WATERCONTROL SERVICES, INC.,<br><br>Defendant. | 19 CV_____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union through its authorized representative, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the New Jersey B.A.C. Health Fund (the "Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5. Plaintiffs Trustees of the New Jersey B.A.C. Annuity Fund (the "Annuity Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Annuity Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Annuity Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

6. Plaintiffs Trustees of the B.A.C. Local 4 of New Jersey Pension Fund (the "Local 4 Pension Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in

accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 4 Pension Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Local 4 Pension Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

7. Plaintiffs Trustees of the B.A.C. Local 5 of New Jersey Pension Fund (the "Local 5 Pension Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 5 Pension Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Local 5 Pension Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

8. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The International Pension Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

9. Water Control Services, Inc. ("Defendant" or "Water Control") is a corporation organized and established under the laws of the State of Pennsylvania. At all relevant times, Water Control was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 501 of the

3

LMRA, 29 U.S.C. § 142. Water Control maintains its principal place of business at 2955 Terwood Road, Willow Grove, PA 19090.

## STATEMENT OF FACTS

10. At all relevant times, Water Control was a party to a collective bargaining agreement ("CBA") with the Union.

11. The CBA required Water Control, *inter alia*, to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. The CBA bound Water Control to Plaintiffs' Trust Agreements and to Plaintiffs' Statement of Policy for Collection of Employer Contributions (the "Collection Policy").

13. The Collection Policy gives the Funds the authority to audit the books and records of contributing employers to ensure compliance with their contribution obligations.

14. The Collection Policy further provides that "[i]n the event that an employer refuses to permit an audit…the Funds may in their discretion determine that the employer's monthly hours subject to contributions for each month of the requested audit period are the highest number of covered hours for any month during the requested audit period or for any month during the twelve (12) months preceding the audit period, whichever monthly number of hours is greater."

15. The Funds attempted to conduct an audit of Water Control's books and records covering the period January 1, 2013 through December 31, 2018 (the "Audit Period").

16. Water Control failed to make all of the requested books and records available and otherwise refused to submit to the audit.

17. Pursuant to the Collection Policy, the undersigned advised Water Control, by certified mail return receipt requested and first class mail dated August 22, 2018, September 6,

2018, and February 28, 2019, that if Water Control did not agree to make its books and records available within seven (7) days of the letter, the Funds would estimate audit findings and seek recovery thereof.

18. Thereafter, Water Control again failed to make available its books and records.

19. Pursuant to the Collection Policy, the Funds estimated Water Control's monthly hours based on the highest number of covered hours for any month during the requested audit period. Water Control's highest reported month was May 2016 for a total of 2,532 hours.

20. Based on the foregoing, the Funds determined that Water Control owes contributions in the estimated amount of $5,509,040.63 for the Audit Period.

21. Additionally, pursuant to the Collection Policy, Water Control is liable to the Funds for the estimated delinquency, interest on the estimated delinquency at the rate of 10% per annum compounded annually for the Local Funds and at the rate of 15% per annum compounded annually for the International Pension Funds, and liquidated damages on the amount of any delinquent contributions at a rate of 20%, plus reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(Breach of the CBA by Water Control)**

22. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. At all relevant times, Water Control was a party to a CBA with the Union and consequently bound to the terms and conditions of the Collection Policy.

24. Pursuant to the CBA and the Collection Policy, Water Control is required to comply with the Funds' request to audit its books and records.

25. Pursuant to the Collection Policy, in the event that an employer fails to comply with an audit, the Funds are entitled to estimate the contributions owed as either (1) the highest number

of covered hours for any month during the requested audit period or (2) the highest number of covered hours for any month during the twelve (12) months preceding the audit period, whichever monthly number of hours is greater.

26. Water Control has violated the terms of the CBA by refusing to comply with the Funds' request to audit its books and records.

27. Pursuant to the CBA and the Collection Policy, the Funds determined that Water Control owes estimated contributions of $5,509,040.63

28. Under the CBA and the documents and instruments governing the Funds, Water Control is liable to the Funds for the total amount of contributions to be determined at trial, interest thereon, liquidated damages, and all reasonable attorneys' fees, expenses, and costs incurred in prosecuting this suit.

## **SECOND CLAIM FOR RELIEF**
**(Violation of ERISA by Water Control)**

29. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

31. At all relevant times, Water Control was a party to a CBA with the Union.

32. The CBA required Water Control to make specified hourly contributions to the Funds in connection with all Covered Work.

33. Water Control has violated Section 515 of ERISA by failing to remit contributions to the Funds for January 1, 2013 through December 31, 2018 in the estimated amount of $24,927.52.

34. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Water Control is liable to the Funds for the total amount of contributions to be determined at trial, interest thereon, liquidated damages, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment in favor of the Plaintiffs and against Water Control, in an amount to be determined at trial, including a principal delinquency in the estimated amount of $5,509,040.63, plus interest thereon, and liquidated damages;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York         Respectfully submitted,
       April 4, 2019

**VIRGINIA & AMBINDER, LLP**

By:      /s/ Nicole Marimon
         Charles R. Virginia
         Nicole Marimon
         40 Broad Street, 7th Floor
         New York, NY 10004
         (212) 943-9080
         *Attorneys for Plaintiffs*