<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE B.A.C. LOCAL 4 NEW JERSEY PENSION FUND, TRUSTEES OF THE B.A.C. LOCAL 5 NEW JERSEY PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br><br> *Plaintiffs*, <br><br> v. <br><br> WATERCONTROL SERVICES, INC., <br><br> *Defendant.* | Civil No.: 19-cv-9273 (KSH) (CLW) <br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

This matter comes before the Court on the motion (D.E. 7) of plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 4 New Jersey Pension Fund, Trustees of the B.A.C. Local 5 New Jersey Pension Fund, and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("plaintiffs") for default judgment against defendant Watercontrol Services, Inc. ("Watercontrol"). Plaintiffs allege that Watercontrol failed to make required employer contributions to employee benefit plans in violation of a collective bargaining agreement and Section 515 of the Employee Retirement Security Income Act ("ERISA"), 29 U.S.C. § 1145.

**II.    Background**

Plaintiffs are the trustees of various employee benefit funds.  (D.E. 1, Compl. ¶¶ 4-8.) Watercontrol is a Pennsylvania corporation with its principal place of business in Pennsylvania.

(*Id.* ¶ 9.)  As a signatory to a collective bargaining agreement with the International Union of Bricklayers and Allied Craftworkers Administrative District Council of New Jersey Local Union Nos. 2, 4 & 5 (the "Union"), Watercontrol was obligated to make contributions to the funds in connection with work performed within the Union's jurisdiction.  (Compl. ¶¶ 10-11; D.E. 8, Crandall Decl. ¶ 6 & Ex. A-C; D.E. 15-1, Crandall Supp. Decl. Ex. A.)  It was also subject to the funds' collection policy.  (Compl. ¶ 12.)  The policy provided that employers would be liable for interest on delinquent contributions, plus liquidated damages, attorneys' fees and costs, and audit costs:

> Employers shall be liable for the payment of delinquent Contributions with interest on such delinquent contributions at the rate of ten percent (10%) per annum (calculated from the day following the Due Date and compounded annually) for the Funds, and fifteen percent (15%) per annum (calculated from the day following the Due Date and compounded annually) for the International Pension Fund. Employers shall also be liable for liquidated damages of twenty percent (20%) of the amount of delinquent Contributions owing and all attorneys' fees and costs. Employers shall be liable for audit costs as set forth in Article IV, Paragraph 8 [of the policy].  The Trustees or the Delinquency Committee may reduce or waive any of the foregoing amounts in any case where it is prudent to do so based on all the facts and circumstances.

(Crandall Decl. ¶ 11 & Ex. D, Article II ¶ 6.)

In connection with its contribution requirements, Watercontrol's books and records were subject to audit, and if it refused the auditing firm access to pertinent records, the funds were permitted to "determine that the employer's monthly hours subject to contribution for each month of the requested audit period are the highest number of covered hours for any month during the requested audit period or for any month during the twelve (12) months preceding the audit period, whichever monthly number of hours is greater."  (Crandall Decl. ¶¶ 8-9 & Ex. D, Article I ¶ 2, Article IV ¶ 9; Compl. ¶¶ 13-14.)  According to plaintiffs, the funds attempted to conduct an audit, but Watercontrol "failed to make all of the requested books and records

available and otherwise refused to submit to the audit." (Compl. ¶¶ 15-16; *see also* Sgroi Decl. ¶ 6.) On August 22, 2018, September 6, 2018, and February 28, 2019, plaintiffs' counsel sent letters to Watercontrol advising it that its failure to comply with the audit request violated the CBA and permitted them to estimate the amount of contributions owed from the company. (Marimon Decl. ¶ 3 & Ex. G-I; Compl. ¶ 17; *see also* Crandall Decl. ¶ 10 & Ex. D, Article IV ¶ 9.) Watercontrol still failed to make the books and records available. (Compl. ¶ 18.)

Plaintiffs, via their auditors, then calculated the delinquent contributions based on the highest number of covered hours for any month during the requested audit period, which they pegged at 2,532 hours, the number of hours reported for May 2016. (Crandall Decl. ¶¶ 14-15; Compl. ¶ 19.) Their auditors estimated the amount owed for the entire audit period based on 2,532 hours per month, which came to $5,509,040.63 in principal, $1,101,808.11 in liquidated damages, and $2,004,889.29 in interest through July 9, 2019 (the day before plaintiffs filed their motion for default judgment). (Crandall Decl. ¶¶ 16-17; Sgroi Decl. ¶ 9-12 & Ex. F.)

On April 4, 2019, plaintiffs filed a complaint against Watercontrol alleging breach of the collective bargaining agreement and violation of section 515 of ERISA, 29 U.S.C. § 1145. Watercontrol was served via its agent. (D.E. 4.) It has filed no answer or otherwise responded to the complaint. On June 26, 2019, default was entered against it.

On July 10, 2019, plaintiffs moved for default judgment. In support of the motion, plaintiffs submitted a declaration of counsel, Nicole Marimon, Esq. (D.E. 10, Marimon Decl.), as well as declarations from Ken Crandall, administrator of four of the five benefit funds that have, through their trustees, brought this action (D.E. 8, Crandall Decl.),[1] and Tony Sgroi, a director

---

[1] Crandall certifies that he is the administrator of the New Jersey B.A.C. Health Fund, the New Jersey B.A.C. Annuity Fund, the B.A.C. Local 4 Pension Fund, and the B.A.C. Local 5 Pension Fund (Crandall Decl. ¶ 1), and that these funds act as collections agent for the Bricklayers &

3

with the auditing firm Schultheis & Panettieri LLP (D.E. 9, Sgori Decl.).  Plaintiffs seek a judgment in the amount of $5,509,040.63 in delinquent contributions, $2,004,889.29 in interest, $1,101,808.11 in liquidated damages, $1,663.25 in audit costs, and $3,521.20 in attorneys' fees and costs, plus pre-judgment interest from July 9, 2019 through the date of entry of judgment.  (D.E. 10-7, proposed judgment).  Watercontrol filed no opposition to the motion.

On February 25, 2020, the Court issued an order to show cause directing plaintiffs to clarify the basis upon which the Court may exercise personal jurisdiction over Watercontrol as well as the factual basis for certain aspects of the damages sought.  (D.E. 14.)  Plaintiffs filed their response on March 3, 2020, relying on a brief (D.E. 15, OTSC Br.) and a second declaration from Crandall (D.E. 15-1, Crandall Supp. Decl.).

**III.    Legal Standard**

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading.  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.).  Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion."  *Id.*  In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Id.* at 535-36 (citations omitted).

---

Trowel Trades International Pension Fund and the Bricklayers and Allied Craftworkers Administrative District Council of New Jersey (¶ 2).

4

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *Trs. of the N.J. B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc.*, 2017 U.S. Dist. LEXIS 28836, at *6 (D.N.J. Mar. 1, 2017) (Kugler, J.); *Trs. of the N.J. B.A.C. Health Fund v. Rhodes*, 2017 U.S. Dist. LEXIS 125662, at *4 (D.N.J. Aug. 9, 2017) (Bumb, J.).

**IV.     Analysis**

The preliminary requirements for entry of default judgment are met here.  The Court has subject matter jurisdiction. 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e).  Service was duly made by delivering a copy of the summons and complaint to Watercontrol's authorized agent. (D.E. 4.) *See* Fed. R. Civ. P. 4(h)(1).  The Court may exercise specific personal jurisdiction over Watercontrol, based on its contacts with the state and the nexus between those contacts and the relief sought here.  (*See* OTSC Br. 1-7; Crandall Supp. Decl.).  Watercontrol never answered or otherwise responded to the complaint, and default was entered against it.

Watercontrol's failure to appear or to file a response to the complaint has prevented plaintiffs from prosecuting this action and obtaining relief, to their prejudice. *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc.*, 2015 U.S. Dist. LEXIS 24630, at *5 (D.N.J. Mar. 3, 2015) (Bumb, J.); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, 2012 U.S. Dist. LEXIS 102652, at *9 (D.N.J. July 24, 2012) (Simandle, J.)

No meritorious defense is apparent from the record, nor, in view of Watercontrol's failure to respond, is the Court in a position to determine whether one exists. *Rock Canyon*, 2015 U.S. Dist. LEXIS 24630, at *5. The company's failure to respond "demonstrates [its] culpability in its default," and "[t]here is nothing before the Court to show that [its] failure to file an answer was a result of anything other than willful negligence." *Dubin Paper*, 2012 U.S. Dist. LEXIS 102652, at *10.

Finally, plaintiffs have stated a claim under ERISA and have established their entitlement to the damages they seek. Section 515 of ERISA requires every employer that is obligated to contribute to a plan under the terms of a collective bargaining agreement to make those contributions in accordance with the terms and conditions of the agreement. 29 U.S.C. § 1145. Plan fiduciaries may sue for failure to make required contributions. *Rock Canyon, Inc.*, 2015 U.S. Dist. LEXIS 24630, at *3 (citing 29 U.S.C. § 1132(a)). Upon an award of judgment in favor of the plan in an action to enforce section 515, the court must award the plan (1) unpaid contributions, (2) interest on the unpaid contributions, (3) the greater of interest on the unpaid contributions or liquidated damages, and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

Plaintiffs have supplied collective bargaining agreements covering November 1, 2007 through April 30, 2019, between the Union and signatory employers, together with the relevant signature pages for Watercontrol approving the CBAs and successor CBAs. (Crandall Decl. Ex. A-C; Crandall Supp. Decl. Ex. A-C.) The agreements bound Watercontrol make required contributions, as well as bound it to plaintiffs' collection policy, which in turn provides them with the right to audit the company's books and records. (Crandall Decl. ¶¶ 7-8 & Ex. D; Crandall Supp. Decl. ¶¶ 12-13.) Plaintiffs have set forth Watercontrol's refusal to cooperate with

6

the audit, and explain that after providing the company with the required notice, they estimated the amount of delinquent contributions, as set forth in the Crandall and Sgroi declarations. (Crandall Decl. ¶¶ 9-16; Sgroi Decl. ¶¶ 5-9; *see also* Marimon Decl. ¶ 3 & Ex. G-I.) In seeking to enforce ERISA section 515 and Watercontrol's obligations, plaintiffs have sought the outstanding contributions, as estimated, together with their calculations of interest through July 9, 2019, liquidated damages, and audit costs, as permitted under the statute and the relevant agreements, and they have supplied the factual basis for the amounts they seek. Plaintiffs have also supported their request for recovery of attorneys' fees in the amount of $2,815 and costs, representing filing and service fees, of $706.20, for a total of $3,521.20. Marimon Decl. ¶¶ 8-11 & Ex. L. These fees are reasonable under the circumstances, and statutorily and contractually permissible categories of recovery, and will be awarded.

With respect to plaintiffs' request for interest from July 9, 2019 through the date of judgment, plaintiffs shall submit within 7 days a certification setting forth the calculation of interest through the date of that submission, together with an updated proposed judgment reflecting inclusion of that amount.

## V.     Conclusion

For the foregoing reasons, the Court will grant the motion for default judgment. An appropriate order will follow.

Date: March 5, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.